[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Two defendants move to dismiss s the Notice of Taking on the ground that the court lacks jurisdiction given that the defendants were improperly served under General Statutes §52-57(d).[1] The plaintiff maintains that the defendants were properly noticed pursuant to General Statutes §§ 8-129 and10-241a.[2]
"[A] condemnation proceeding is not a civil action, nor a CT Page 7998 civil process within the meaning of the statutes relating to civil process. It is a special proceeding to determine in a single action the damages done by the taking." New Haven WaterCo. v. Russell, 86 Conn. 361, 365, 85 A. 636 (1912). Therefore, General Statutes § 52-57, which governs service of process in civil actions, is inapplicable to the present case given that this is a condemnation proceeding stemming from the school district's exercise of its eminent domain power pursuant to General Statutes § 10-241a.
Rather, General Statutes § 8-129 dictates that notice in condemnation proceedings be given by mail and by publication for nonresidents of this state. The defendants do not contest that they are nonresidents. Documents submitted by the plaintiff indicate that the two defendants are nonresidents of this state and, in fact, are limited partnerships in the state of New York. (Exhibit [Ex.] A, p. 1; Ex. D, p. 1, ¶¶ 3 4; Ex. E, p. 1, ¶¶ 3 4; Ex. F, p. 1; Ex. G, p. 1; Ex. H, p. 1; Ex. J, p. 1.) As such, the school board should have given them notice by registered or certified mail, return receipt requested, and by publication. See footnote 2, supra (setting forth the requirements for providing notice to nonresidents in condemnation proceedings). The file reflects that notice was sent certified mail, return receipt requested, to both defendants at New York addresses; (Ex. B, pp. 1 2); and that notice of the condemnation was published in The New Haven Register on March 25, 1998, and March 31, 1998. (Ex. C, pp. 1 2.) Therefore, the defendants were given proper notice of the condemnation proceeding.
The defendants' motion to dismiss is denied given that they were not entitled to service of process as prescribed by General Statutes § 52-57(d), and that they were properly given notice pursuant to General Statutes § 8-129.
The defendant's have also objected to the taking on the same ground as that set forth in support of the motion to dismiss, and that objection is overruled for the reasons stated I above. Based upon the foregoing the clerk is ordered to sign the certificate of taking.
Howard F. Zoarski Judge Trial Referee